# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Tracy L. Johnson,

      Plaintiff,

    v.                                               Case No. 2:05-cv-173
                                                    Judge Smith
Kindred Nursing Centers East,                       Magistrate Judge Kemp
L.L.C. dba Minerva Park Nursing
and Rehabilitation Center.,

      Defendant.


## ORDER

This matter is before the Court on Defendant Kindred Nursing Centers East, L.L.C. dba Minerva Park Nursing and Rehabilitation Center's Motion to Stay briefing on Plaintiff's Motion for Partial Summary Judgment to Strike Defendant's Affirmative Defenses (Doc. 55) filed on November 13, 2006.  Plaintiff filed a Memorandum Contra on November 15, 2006 (Doc. 57). For the reasons that follow, the Court **DENIES** Defendant's Motion to Stay.

The Court has reviewed all the pending motions in this case, including specifically the Motion at issue in this case, Plaintiff's Motion for Partial Summary Judgment to Strike Defendant's Affirmative Defenses (Doc. 46).   Plaintiff has moved pursuant to Rule 56(c) of the Federal Rules of Civil Procedure to strike all of Defendant's Affirmative Defenses.  However, summary judgment may only be obtained upon a claim, counterclaim, or cross-claim, not upon a defense.  *See* Fed. R. Civ. P. 56(a).

Plaintiff's motion is more properly characterized as a motion to strike.  Under the Federal Rules of Civil Procedure, the court is authorized to "order stricken from any pleading any insufficient defense...."  Fed. R. Civ. P. 12(f); *see also Dominguez v. Lanham Mach. Co.*, 1999 U.S. Dist. LEXIS 4812 (D. Mich. 1999).  Plaintiff's motion will therefore be treated as a motion to strike.

Courts generally disfavor a motion to strike, because "it proposes a drastic remedy." *Resolution Trust Corp. v. Vanderweele*, 833 F. Supp. 1383, 1387 (N.D. Ind. 1993).  However, a defense may be stricken if it "is insufficient as a matter of law."  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1057 (5th Cir. 1982).

The Court views Plaintiff's Motion as a pre-mature attempt to respond to the anticipated motion for summary judgment to be filed by Defendant.  Essentially, Plaintiff has created the opportunity to present multiple briefs, but under standard summary judgment practices, Plaintiff would only have the opportunity file one brief in response to Defendant's motion for summary judgment.  Nonetheless, the Court will consider Plaintiff's Motion, properly characterized as a motion to strike, at the same time it considers Defendant's Motion for Summary Judgment.  The Court therefore denies Defendant's Motion to Stay as Plaintiff has a right to file a motion to strike at any time throughout the case.

In light of the Court's characterization of Plaintiff's motion and the fact that both Plaintiff's Motion and Defendant's Motion for Summary Judgment will be considered together, Defendant could choose not to file an opposition to Plaintiff's Motion to Strike, but rather rely on the grounds for its own Motion for Summary Judgment.  Defendant correctly asserted in the Motion to Stay that its Motion for Summary Judgment could potentially be dispositive of the

entire case and no issue would remain for trial.  If that is the case, then the Court may not even need to address Plaintiff's motion to strike Defendant's affirmative defenses.

For the reasons stated above, the Court **DENIES** Defendant's Motion to Stay.

The Clerk shall remove Doc. 55 from the Court's pending motions list.

**IT IS SO ORDERED.**

 __/s/ George C. Smith__
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**